Curia, per Frost, J.
By the act of 1712, actions of tro-ver, &c. “shall be commenced and sued within four years next after the cause of such actions and suits; and not after.” The gist of the action of trover is the conversion. If the negroes in dispute were the plaintiff’s, by the gift of Alexander Philson, the Ordinary of Laurens district was guilty of a conversion, when, as administrator, he took possession, as a part of the personal estate of Alexander Phil-son. The plaintiff’s cause of action then accrued. The plaintiff was then a minor; but this action was not commenced against the defendant, until more than four years after the conversion, and after the plaintiff had attained her full age. This period of time covered the possession both of the Ordinary and of the defendant. Neither had possession for the statutory term.
The general rule is that, directly a cause of action is complete, so that the plaintiff may bring his action thereon, (neither the plaintiff nor the defendant being, at the time, under any disability) the statute begins to run; and when once *215 it has begun to run, no subsequent disability will suspend its operation. If either plaintiff or defendant be under disability when the cause of action accrues, the statute begins to run as soon as it is removed, in the same manner as if it had never existed. But a difference must be noticed between the application of the statute to cases of contract and of tort. The period of limitation to an action on a contract is computed from the breach, although after the breach, the demand of the creditor may be' assigned, or the personal liability of the debtor be devolved on another; so as that, between the immediate parties to the suit, the right of action may not have existed four years before it was commenced. Thus, in an action by the executor of the creditor, or by his assignee, by contract, or by bankruptcy or insolvency, ¿gainst the debt- or, the statutory period is computed from the time when an action accrued to the testator or assignor; and not from the time of testator’s death, or of the assignment. The same rule applies to an action by the creditor against the executor or assignee of a bankrupt or insolvent debtor. The liability of the parties to the contract is inseparable from it; and if the action is not immediately between them, the right and liability of other parties, in an action on the contract, must arise from their privity with one or both of the original contracting parties. By whomsoever the action may be brought, the cause of action is one and the same. An action for a tort arises when the injury is committed. There is no privity between tort-feasers. If several are guilty, an action accrues against each, at the time of his particular wrong. The wrong and injury of another cannot, under the statute of limitations, or otherwise, give any protection to the defendant; unless, indeed, by lapse of time, the plaintiff’s right of action, with respect to the subject of the injury, has been barred against a prior tort-feasor, who may thus, by force of the statute, have divested the plaintiff’s title. Accordingly, in an action for the recovery of land, the defendant cannot maintain the plea of the statute, by uniting his possession with that of a prior trespasser, and thus refer the accrual of the plaintiff’s right of action against himself to the time of the commission of the previous trespass. But if the possession is continued, without any new entry, as between ancestor and heir, when, by operation of law, the heir is in of his ancestor’s possession; on a plea of the statute, by the heir, against an action for the recovery of the land, his session may be united with that of his ancestor; and the time, against the plaintiff, is computed from the entry of the nPTPBnñBt^'? q
In Beadle v. Hunter & Garrett, it was decided that a vendee cannot unite his possession with that of his vendor, to complete the statutory term, in an action of trover for slaves. That decision was made in conformity with the *216 general rule. It is relied on, as decisive of the motion in this case. But this case is more analogous to an action to recover land from one in possession by descent. It is plain that the relation of an executor to a legatee is not that of vendor and vendee, or of independent tort-feasors. The legatee claims by the gift of the testator. The will is the evidence of his title against all persons, except the executor.. The legal title to the testator’s personal property is, at his death, vested in his executor, because that is necessary, as well for the payment of debts, as the execution of the will. Debts must be satisfied before legacies; and, by insufficiency of assets, some of the legacies may fail. When these contingencies are obviated by administration, the title of the legatee is perfected by the assent of the executor. This assent, if then refused, may be compelled in the proper court.— When it is given or enforced, it has relation back to the death of his testator. The title of the legatee, which was, before, inchoate, becomes complete under the will. If he should die before assent, the legacy is transmissible to his personal representatives. The title of the legatee, then, is not derived from the executor. The assent of the executor is in the nature of the execution of a power. The title to the property bequeathed is not transferred by his assent. The executor’s legal title to a specific legacy and right of possession are conditional only, and are determinable on the satisfaction of debts and preferred legacies. When these conditions are performed, the title of the legatee takes effect by the will. Yet, before the executor’s assent, such privity of title and possession exists between him and the legatee, that by a recovery against the executor, or by adverse possession against him, for four years, the legatee is barred. This clearly distinguishes the case of executor and legatee, from that of independent tort-feasors. By four years adverse possession against the executor, the plaintiff would have acquired a title to the slaves in dispute, against the defendant; or by a recovery against the executor, would have established, against the defendant, the alleged parol gift. The plaintiff had, in effect, a right of action against the defendant, during the period when she might have sued the executor; and as the plaintiff might have pleaded, in bar of an action, by the defendant against her, for the recovery of the slaves, a statutory possession against the executor, it is just and equal that the defendant should protect his title by uniting his possession with that of the executor, in bar of the plaintiff’s action.
The motion is dismissed.
Evans, Wardlaw and Withers, JJ. concurred.

Motion refused.